CROSNER LEGAL, P.C.
Michael T. Houchin (SBN 305541)
mhouchin@crosnerlegal.com
Craig W. Straub (SBN 249032)
craig@crosnerlegal.com
Zachary M. Crosner (SBN 272295)
zach@crosnerlegal.com
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA BUSTAMANTE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELCH FOODS INC.,<br><br>Defendant. | Case No.  **'24CV0420 JES  SBC**<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT

CROSNER LEGAL, P.C.

1

## INTRODUCTION

2      1.     Plaintiff Veronica Bustamante ("Plaintiff") on behalf of herself, all

3  others similarly situated, and the general public, by and through her undersigned

4  counsel, hereby brings this action against Defendant Welch Foods, Inc.

5  ("Defendant" or "Welch's"), and upon information and belief and investigation of

6  counsel, alleges as follows:

7      2.     This is a California consumer class action for violations of the

8  Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), Unfair

9  Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), and for

10  breach of express warranty.

11      3.     Defendant manufactures, distributes, advertises, markets, and sells

12  the Welch's Light Grape Juice Product (the "Product"). The packaging

13  prominently displays on the side of the label the claim that this Product contains

14  **"No Artificial Flavors or Preservatives."**

15      4.     This statement is false. The product is made with ascorbic acid— an

16  artificial preservative ingredient used in beverage products.

17      5.     Defendant's packaging, labeling, and advertising scheme is intended

18  to give consumers the impression that they are buying a premium product that is

19  free from artificial preservatives.

20      6.     Plaintiff, who purchased the Products in California, was deceived by

21  Defendant's unlawful conduct and brings this action on her own behalf and on

22  behalf of California consumers to remedy Defendant's unlawful acts.

23

## JURISDICTION AND VENUE

24      7.     This Court has original jurisdiction over this action pursuant to 28

25  U.S.C. § 1332(d) because this is a class action in which: (1) there are over 100

26  members in the proposed class; (2) members of the proposed class have a different

27  citizenship from Defendant; and (3) the claims of the proposed class members

28  exceed $5,000,000 in the aggregate, exclusive of interest and costs.

CLASS ACTION COMPLAINT

8.      This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the State of California, contracts to supply goods within the State of California, and supplies goods within the State of California. Defendant, on its own and through its agents, is responsible for the distribution, marketing, labeling, and sale of the Product in California, specifically in this judicial district. The marketing of the Product, including the decision of what to include and not include on the label, emanates from Defendant. Thus, Defendant has intentionally availed itself of the markets within California through its advertising, marketing, and sale of the Product to consumers in California, including Plaintiff. The Court also has specific jurisdiction over Defendant as it has purposefully directed activities towards the forum state, Plaintiff's claims arise out of those activities, and it is reasonable for Defendant to defend this lawsuit because it has sold a deceptively advertised Product to Plaintiff and members of the Class in California. By distributing and selling the Product in California, Defendant has intentionally and expressly aimed conduct at California which caused harm to Plaintiff and the Class that Defendant knows is likely to be suffered by Californians.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District because Plaintiff purchased the Product within this District.

**PARTIES**

10.     Defendant Welch Foods, Inc. is a Michigan corporation that maintains its principal place of business in Concord, Massachusetts. At all times during the class period, Defendant was the manufacturer, distributor, marketer, and seller of the Product.

11.     Plaintiff Veronica Bustamante is a resident of San Diego County, California. Plaintiff purchased the Product during the class period in California. Plaintiff relied on Defendant's deceptive advertising and labeling claims as set forth below.

CROSNER LEGAL, P.C.

1

2    **FACTUAL ALLEGATIONS**

3    **"NO ARTIFICIAL FLAVORS OR PRESERVATIVES" IS PROMINENTLY DISPLAYED**

4    **ON THE LABEL OF THE PRODUCT**

5         12.     The label for the Product prominently states that the Product contains

6    "No Artificial Flavors or Preservatives" thereby misleading reasonable consumers

7    into believing that the Product is free from artificial preservatives. However, the

8    Product contains the artificial preservative ingredient ascorbic acid. The labels for

9    the Product are shown below.

10

11

12

13

14

15

16



17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

CROSNER LEGAL, P.C.

CROSNER LEGAL. P.C.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLASS ACTION COMPLAINT

**THE ASCORBIC ACID IN THE PRODUCT IS AN ARTIFICIAL PRESERVATIVE**

13.     Defendant uses artificial ascorbic acid in the Product. The United States Department of Agriculture ("USDA") has found that "all commercial ascorbic acid [is] synthetically derived."[1] Accordingly, the USDA classifies ascorbic acid as a synthetic ingredient. *See* 7 C.F.R. § 205.605(b)(6). The ascorbic acid that Defendant uses in the Product is produced by chemical synthesis with substances like sulfuric acid and acetone.[2]

14.     Ascorbic acid acts as a preservative when added to beverage products, including the Product at issue. The Food and Drug Administration ("FDA") defines a preservative as "any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugars, vinegars, spices, or oils extracted from spices, substances added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties." 21 C.F.R. §101.22(a)(5). The FDA has listed ascorbic acid as a preservative in its "Overview of Food Ingredients, Additives and Colors" as shown below:[3]

---

[1] *Ascorbic Acid*, UNITED STATES DEPARTMENT OF AGRICULTURE (2019) at p. 10, *available at* https://www.ams.usda.gov/sites/default/files/media/AscorbicAcidTRFinal7172019.pdf

[2] Han Asard, et al., *Vitamin C: Its Functions and Biochemistry in Animals and Plants* (March 10, 2004) at pp. 55-56, *available at* https://books.google.com/books?hl=en&lr=&id=RyJWDwAAQBAJ&oi=fnd&pg=PA55&dq=ascorbic+acid+commercial+production&ots=aLqoNhzdMq&sig=4rSwkWAD2Vz5XaEIuM6RhURgBBs#v=onepage&q=ascorbic%20acid%20commercial%20production&f=false

[3] *Overview of Food Ingredients, Additives & Colors,* FOOD AND DRUG ADMINISTRATION, *available at* https://web.archive.org/web/20220901032454/http://www.fda.gov/food/food-ingredients-packaging/overview-food-ingredients-additives-colors

| Types of Ingredients | What They Do | Examples of Uses | Names Found on Product Labels |
|---|---|---|---|
| Preservatives | Prevent food spoilage from bacteria, molds, fungi, or yeast (antimicrobials); slow or prevent changes in color, flavor, or texture and delay rancidity (antioxidants); maintain freshness | Fruit sauces and jellies, beverages, baked goods, cured meats, oils and margarines, cereals, dressings, snack foods, fruits and vegetables | Ascorbic acid, citric acid, sodium benzoate, calcium propionate, sodium erythorbate, sodium nitrite, calcium sorbate, potassium sorbate, BHA, BHT, EDTA, tocopherols (Vitamin E) |

15. Ascorbic acid is a chemically modified form of vitamin C and FDA regulations recognize that ascorbic acid is a preservative ingredient. *See* 21 C.F.R. § 182.3013.

16. The ascorbic acid in the Products functions as a preservative because it is an antioxidant that prevents microbial growth, thereby preserving color and freshness.

17. The Product is made from grape juice. The FDA states that ascorbic acid in the formulation of wine and juice is used "to prevent oxidation of color and flavor components of juice," and it "may be added to grapes, other fruit (including berries), and other primary wine making materials or to the juice of such materials." 27 C.F.R. § 24.246. Defendant adds ascorbic acid to the Product to prevent "oxidation of color and flavor." *Id*.

18. In a warning letter sent to Chiquita Brands International, Inc. and Fresh Express, Inc., the FDA warned that certain products were misbranded under the Federal Food Drug and Cosmetics Act because they "contain the *chemical preservatives ascorbic acid* and citric acid but their labels fail to declare these *preservatives* with a description of their functions. 21 C.F.R. [§] 101.22" (emphasis added).[4]

---

[4] *See* **Exhibit A** attached hereto.

CROSNER LEGAL. P.C.

19.    The Encyclopedia Britanica also classifies ascorbic acid as a preservative because it has antioxidant properties, as shown below[5]:

## Preservatives

Food preservatives are classified into two main groups: antioxidants and antimicrobials. Antioxidants are compounds that delay or prevent the deterioration of foods by oxidative mechanisms. Antimicrobial agents inhibit the growth of spoilage and pathogenic microorganisms in food.

| chemical agent | mechanism of action |
|---|---|
| **Food preservatives** | |
| **Antioxidants** | |
| ascorbic acid | oxygen scavenger |
| butylated hydroxyanisole (BHA) | free radical scavenger |
| butylated hydroxytoluene (BHT) | free radical scavenger |
| citric acid | enzyme inhibitor/metal chelator |
| sulfites | enzyme inhibitor/oxygen scavenger |
| tertiary butylhydroquinone (TBHQ) | free radical scavenger |
| tocopherols | free radical scavenger |

20.    Ascorbic acid functions as a preservative in the Product regardless of whether Defendant intended to use ascorbic acid as a preservative. Ascorbic acid functions as a preservative even if it is also added to the Product for some other use. *See* 21 C.F.R. §101.22(a)(5) (defining preservatives as "any chemical that, when added to food, *tends to* prevent or retard deterioration") (emphasis added); *see also* Merriam-Webster's Dictionary (defining "preservative" as "something that preserves or *has the power of preserving*.") (emphasis added).[6]

---

[5] *Preservatives*, BRITANICA, *available at* https://www.britannica.com/topic/food-additive/Preservatives#ref502211

[6] *Preservative*, MERRIAM-WEBSTER'S DICTIONARY, *available at* https://www.merriam-webster.com/dictionary/preservative?utm_campaign=sd&utm_medium=serp&utm_source=jsonld

CLASS ACTION COMPLAINT

CROSNER LEGAL. P.C.

CROSNER LEGAL, P.C.

**REASONABLE CONSUMERS ARE DECEIVED BY DEFENDANT'S FALSE LABELING STATEMENT AND SUFFERED ECONOMIC INJURY**

21.    Consumers, like Plaintiff, relied on Defendant's "No Artificial Flavors or Preservatives" labeling statement. The "No Artificial Flavors or Preservatives" statement on the label of the Product is material to reasonable consumers. "[F]oods bearing 'free-from' claims are increasingly relevant to Americans, as they perceive the products as closely tied to health … 84 percent of American consumers buy free-from foods because they are seeking out more natural or less processed foods. In fact, 43 percent of consumers agree that free-from foods are healthier than foods without a free-from claim, while another three in five believe the fewer ingredients a product has, the healthier it is (59 percent). Among the top claims free-from consumers deem most important are trans-fat-free (78 percent) and preservative-free (71 percent)."[7]

22.    Plaintiff and the putative class members suffered economic injury as a result of Defendant's actions. Plaintiff and putative class members spent money that, absent Defendant's actions, they would not have spent. Plaintiff and putative class members are entitled to damages and restitution for the purchase price of the Products that were falsely labeled and advertised. Consumers, including Plaintiff, would not have purchased Defendant's Product, or would have paid less for the Product, if they had known the Product actually contains an artificial preservative ingredient.

---

[7] *84% of Americans buy "free-from" foods because they believe them to be more natural or less processed*, Mintel (Sept. 3, 2015), *available at* https://www.mintel.com/press-centre/84-of-americans-buy-free-from-foods-because-they-believe-them-to-be-more-natural-or-less-processed/

CLASS ACTION COMPLAINT

CROSNER LEGAL, P.C.

1

**PLAINTIFF'S PURCHASE OF THE PRODUCT**

2    23.    Plaintiff Veronica Bustamante purchased the Product with the "No
3    Artificial Flavors or Preservatives" label claim during the class period at various
4    retail stores located in San Diego County, California, including Vons and
5    Albertsons stores. Plaintiff's last purchase of the Product was in approximately
6    November of 2023.

7    24.    Plaintiff saw and relied on the "No Artificial Flavors or
8    Preservatives" claim on the label of the Product.   Plaintiff would not have
9    purchased the Product, or would have paid less for the Product, had she known
10   that the product actually contains an artificial preservative ingredient. As a result,
11   Plaintiff suffered injury in fact when she spent money to purchase the Product she
12   would not have purchased, or would have paid less for, absent Defendant's
13   misconduct. Plaintiff desires to purchase the Product again if the labels of the
14   product were accurate and if the product actually contained "No Artificial Flavors
15   or    Preservatives."    However,    as    a    result    of    Defendant's    ongoing
16   misrepresentations, Plaintiff is unable to rely on the Product's advertising and
17   labeling when deciding in the future whether to purchase the Product.

18   **NO ADEQUATE REMEDY AT LAW**

19   25.    Plaintiff and members of the class are entitled to equitable relief as
20   no adequate remedy at law exists. The statutes of limitations for the causes of
21   action pled herein vary. Class members who purchased the Product more than three
22   years prior to the filing of the complaint will be barred from recovery if equitable
23   relief were not permitted under the UCL.

24   26.    The scope of actionable misconduct under the unfair prong of the
25   UCL is broader than the other causes of action asserted herein. It includes
26   Defendant's overall unfair marketing scheme to promote and brand the Product,
27   across a multitude of media platforms, including the product labels, packaging,
28   and online advertisements, over a long period of time, in order to gain an unfair

9

advantage over competitor products. Plaintiff and class members may also be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct).

27.   A primary litigation objective in this litigation is to obtain injunctive relief. Injunctive relief is appropriate on behalf of Plaintiff and members of the class because Defendant continues to misrepresent the Product as containing "No Artificial Flavors or Preservatives" when the Product actually contain the artificial preservative ingredient ascorbic acid. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Injunctive relief, in the form of affirmative disclosures or halting the sale of unlawful sold products is necessary to dispel the public misperception about the Product that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts. Such disclosures would include, but are not limited to, publicly disseminated statements stating that the Product actually contains an artificial preservative. An injunction requiring affirmative disclosures to dispel the public's misperception, and prevent the ongoing deception and repeat purchases, is also not available through a legal remedy (such as monetary damages). Further, because a public injunction is available under the UCL, and damages will not adequately benefit the general public in a manner equivalent to an injunction.

28.   It is premature to determine whether an adequate remedy at law exists. This is an initial pleading and discovery has not yet commenced and/or is at its initial stages. No class has been certified yet. No expert discovery has

CROSNER LEGAL, P.C.

CROSNER LEGAL, P.C.

commenced and/or completed. The completion of fact/non-expert and expert discovery, as well as the certification of this case as a class action, are necessary to finalize and determine the adequacy and availability of all remedies, including legal and equitable, for Plaintiff's individual claims and any certified class or subclass. Plaintiff therefore reserves her right to amend this complaint and/or assert additional facts that demonstrate this Court's jurisdiction to order equitable remedies where no adequate legal remedies are available for either Plaintiff and/or any certified class or subclass. Such proof, to the extent necessary, will be presented prior to the trial of any equitable claims for relief and/or the entry of an order granting equitable relief.

## CLASS ACTION ALLEGATIONS

29.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following Class:

> All persons who purchased the Product for personal use in California within the applicable statute of limitations until the date class notice is disseminated.

30.    Excluded from the class are: (i) Defendant and its officers, directors, and employees; (ii) any person who files a valid and timely request for exclusion; (iii) judicial officers and their immediate family members and associated court staff assigned to the case; (iv) individuals who received a full refund of the Product from Defendant.

31.    Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

32.    The Class is appropriate for certification because Plaintiff can prove the elements of the claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

CROSNER LEGAL, P.C.

1   33.   <u>Numerosity</u>: Class Members are so numerous that joinder of all

2   members is impracticable. Plaintiff believes that there are thousands of consumers

3   who are Class Members described above who have been damaged by Defendant's

4   deceptive and misleading practices.

5   34.   <u>Commonality</u>: There is a well-defined community of interest in the

6   common questions of law and fact affecting all Class Members. The questions of

7   law and fact common to the Class Members which predominate over any questions

8   which may affect individual Class Members include, but are not limited to:

9      a.   Whether Defendant is responsible for the conduct alleged herein

10  which was uniformly directed at all consumers who purchased the Product;

11     b.   Whether Defendant's misconduct set forth in this Complaint

12  demonstrates that Defendant engaged in unfair, fraudulent, or unlawful business

13  practices with respect to the advertising, marketing, and sale of the Product;

14     c.   Whether Defendant made misrepresentations concerning the

15  Products that were likely to deceive the public;

16     d.   Whether Plaintiff and the Class are entitled to injunctive relief;

17     e.   Whether Plaintiff and the Class are entitled to money damages and/or

18  restitution under the same causes of action as the other Class Members.

19  35.   <u>Typicality</u>: Plaintiff is a member of the Class that Plaintiff seeks to

20  represent. Plaintiff's claims are typical of the claims of each Class Member in that

21  every member of the Class was susceptible to the same deceptive, misleading

22  conduct and purchased the Products. Plaintiff is entitled to relief under the same

23  causes of action as the other Class Members.

24  36.   <u>Adequacy</u>: Plaintiff is an adequate Class representative because

25  Plaintiff's interests do not conflict with the interests of the Class Members Plaintiff

26  seeks to represent; the consumer fraud claims are common to all other members of

27  the Class, and Plaintiff has a strong interest in vindicating the rights of the class;

28  Plaintiff has retained counsel competent and experienced in complex class action

CLASS ACTION COMPLAINT

litigation and Plaintiff intends to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and proposed Class Counsel. Defendant has acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

37.    The Class is properly brought and should be maintained as a class action because a class action is superior to traditional litigation of this controversy. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a.    The joinder of hundreds of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b.    The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive to justify individual actions;

c.    When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d.    This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e.    Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f.    This class action will assure uniformity of decisions among Class Members;

g.     The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation; and

h.     Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action;

38.    Additionally or in the alternative, the Class also may be certified because Defendant has acted or refused to act on grounds generally applicable to the Class thereby making final declaratory and/or injunctive relief with respect to the members of the Class as a whole, appropriate.

39.    Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the Class, on grounds generally applicable to the Class, to enjoin and prevent Defendant from engaging in the acts described, and to require Defendant to provide full restitution to Plaintiff and the Class members.

40.    Unless the Class is certified, Defendant will retain monies that were taken from Plaintiff and Class members as a result of Defendant's wrongful conduct. Unless a classwide injunction is issued, Defendant will continue to commit the violations alleged and the members of the Class and the general public will continue to be misled.

### FIRST CLAIM FOR RELIEF

### Violation of California's Consumers Legal Remedies Act

### Cal. Civ. Code § 1750 *et seq.*

41.    Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

42.    Plaintiff brings this claim under the CLRA individually and on behalf of the Class against Defendant.

43.    At all times relevant hereto, Plaintiff and the members of the Class were "consumer[s]," as defined in California Civil Code section 1761(d).

CLASS ACTION COMPLAINT

CROSNER LEGAL, P.C.

44. At all relevant times, Defendant was a "person," as defined in California Civil Code section 1761(c).

45. At all relevant times, the Product manufactured, marketed, advertised, and sold by Defendant constituted "goods," as defined in California Civil Code section 1761(a).

46. The purchases of the Product by Plaintiff and the members of the Class were and are "transactions" within the meaning of California Civil Code section 1761(e).

47. Defendant disseminated, or caused to be disseminated, through its advertising, false and misleading representations, including the Products' labeling that the Products contain "No Artificial Flavors or Preservatives." Defendant failed to disclose that the Products contain an artificial preservative ingredient called ascorbic acid. This is a material misrepresentation and omission as reasonable consumer would find the fact that the Product contains an artificial preservative to be important to their decision in purchasing the Product. Defendant's representations violate the CLRA in the following ways:

a) Defendant represented that the Product has characteristics, ingredients, uses, and benefits which it does not have (Cal. Civ. Code § 1770(a)(5));

b) Defendant represented that the Product is of a particular standard, quality, or grade, which it is not (Cal. Civ. Code § 1770(a)(7));

c) Defendant advertised the Product with an intent not to sell the Product as advertised (Cal. Civ. Code § 1770(a)(9)); and

d) Defendant represented that the subject of a transaction has been supplied in accordance with a previous representation when it has not (Cal. Civ. Code § 1770(a)(16)).

48. Defendant violated the CLRA because the Product was prominently advertised as containing "No Artificial Flavors or Preservatives" but, in reality,

the Product contains an artificial preservative ingredient called ascorbic acid. Defendant knew or should have known that consumers would want to know that the Product contains an artificial preservative.

49. Defendant's actions as described herein were done with conscious disregard of Plaintiff's and the Class members' rights and were wanton and malicious.

50. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA, since Defendant is still representing that the Product has characteristics which it does not have.

51. Pursuant to California Civil Code section 1782(d), Plaintiff and the members of the Class seek an order enjoining Defendant from engaging in the methods, acts, and practices alleged herein.

52. Pursuant to California Civil Code section 1782, Plaintiff will notify Defendant in writing by certified mail of the alleged violations of the CLRA and will demand that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of their intent to so act. If Defendant fails to rectify or agree to rectify the problems associated with the actions detailed herein and give notice to all affected consumers within 30 days of the date of written notice pursuant to section 1782 of the CLRA, then Plaintiff will amend her complaint to seek damages.

53. Pursuant to section 1780(d) of the CLRA, attached hereto is an affidavit showing that this action was commenced in a proper forum.

## SECOND CLAIM FOR RELIEF

### Violation of California's Unfair Competition Law

### Cal. Bus. & Prof. Code § 17200 *et seq.*

54. Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

CROSNER LEGAL, P.C.

55.     Plaintiff brings this claim under the UCL individually and on behalf of the Class against Defendant.

56.     The UCL prohibits any "unlawful," "fraudulent," or "unfair" business act or practice and any false or misleading advertising.

57.     Defendant committed unlawful business acts or practices by making the representations and omitted material facts (which constitutes advertising within the meaning of California Business & Professions Code section 17200), as set forth more fully herein, and by violating California's Consumers Legal Remedies Act, Cal. Civ. Code §§17500, *et seq.*, California's False Advertising Law, Cal. Bus. & Prof. § 17500, *et seq.*, 15 U.S.C. § 45, and by breaching express and implied warranties. Plaintiff, individually and on behalf of the other Class members, reserves the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

58.     Defendant committed "unfair" business acts or practices by: (1) engaging in conduct where the utility of such conduct is outweighed by the harm to Plaintiff and the members of the a Class; (2) engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the members of the Class; and (3) engaging in conduct that undermines or violates the intent of the consumer protection laws alleged herein. There is no societal benefit from deceptive advertising. Plaintiff and the other Class members paid for a Product that is not as advertised by Defendant. Further, Defendant failed to disclose a material fact (that the Products contain an artificial preservative) of which they had exclusive knowledge. While Plaintiff and the other Class members were harmed, Defendant was unjustly enriched by its false misrepresentations and material omissions. As a result, Defendant's conduct is "unfair," as it offended an established public policy. There were reasonably

CROSNER LEGAL, P.C.

available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

59.    Defendant committed "fraudulent" business acts or practices by making the representations of material fact regarding the Products set forth herein. Defendant's business practices as alleged are "fraudulent" under the UCL because they are likely to deceive customers into believing the Products actually contain no preservatives.

60.    Plaintiff and the other members of the Class have in fact been deceived as a result of their reliance on Defendant's material representations and omissions. This reliance has caused harm to Plaintiff and the other members of the Class, each of whom purchased Defendant's Products. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of purchasing the Products and Defendant's unlawful, unfair, and fraudulent practices.

61.    Defendant's wrongful business practices and violations of the UCL are ongoing.

62.    Plaintiff and the Class seek pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class seek interest in an amount according to proof.

63.    Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate. Pursuant to California Business & Professions Code section 17203, Plaintiff, individually and on behalf of the Class, seeks (1) restitution from Defendant of all money obtained from Plaintiff and the other Class members as a result of unfair competition; (2) an injunction prohibiting Defendant from continuing such practices in the State of California that do not comply with California law; and (3)

CROSNER LEGAL. P.C.

all other relief this Court deems appropriate, consistent with California Business & Professions Code section 17203.

### THIRD CLAIM FOR RELIEF

**Breach of Express Warranty**

64.    Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

65.    Plaintiff brings this claim for breach of express warranty individually and on behalf of the Class against Defendant.

66.    As the manufacturer, marketer, distributor, and seller of the Product, Defendant issued an express warranty by representing to consumers at the point of purchase that the Product contains "No Artificial Flavors or Preservatives."

67.    Plaintiff and the Class reasonably relied on Defendant's misrepresentations, descriptions and specifications regarding the Product, including the representation that the Product contains "No Artificial Flavors or Preservatives."

68.    Defendant's representations were part of the description of the goods and the bargain upon which the goods were offered for sale and purchased by Plaintiff and Members of the Class.

69.    In fact, the Products do not conform to Defendant's representations because the Products contain an artificial preservative ingredient called ascorbic acid. By falsely representing the Product in this way, Defendant breached express warranties.

70.    Plaintiff relied on Defendant's (the manufacturer) representations on the Product's label and advertising materials which provide the basis for an express warranty under California law.

71.    As a direct and proximate result of Defendant's breach, Plaintiff and Members of the Class were injured because they: (1) paid money for the  Product that was not what Defendant represented; (2) were deprived of the benefit of the bargain because the  Product they purchased was different than Defendant

CROSNER LEGAL, P.C.

CROSNER LEGAL. P.C.

advertised; and (3) were deprived of the benefit of the bargain because the Product they purchased had less value than if Defendant's representations about the characteristics of the Product were truthful. Had Defendant not breached the express warranty by making the false representations alleged herein, Plaintiff and Class Members would not have purchased the Product or would not have paid as much as they did for it.

### REQUEST FOR RELIEF

Plaintiff, individually, and on behalf of all others similarly situated, request for relief pursuant to each claim set forth in this complaint, as follows:

a.     Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as the Class Representative and appointing the undersigned counsel as Class Counsel;

b.     Ordering restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of Defendant's unlawful, unfair, and fraudulent business practices;

c.     Ordering injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

d.     Ordering damages in amount which is different than that calculated for restitution for Plaintiff and the Class;

e.     Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and the other members of the Class;

f.     Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

g.     Ordering such other and further relief as may be just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all claims in this Complaint so triable.

CLASS ACTION COMPLAINT

1   Dated: March 1, 2024                    CROSNER LEGAL, P.C.

2

3                                           By:     /s/ *Michael T. Houchin*
                                                   MICHAEL T. HOUCHIN

4                                           9440 Santa Monica Blvd. Suite 301
                                            Beverly Hills, CA 90210
5                                           Tel: (866) 276-7637
                                            Fax: (310) 510-6429
6                                           mhouchin@crosnerlegal.com

7                                           *Attorneys for Plaintiff and the Proposed*
                                            *Class*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

CROSNER LEGAL, P.C.

## Affidavit Pursuant to Civil Code Section 1780(d)

I, MICHAEL T. HOUCHIN, declare as follows:

1.      I am an attorney duly licensed to practice before all of the courts of the State of California. I am one of the counsel of record for Plaintiff.

2.      This declaration is made pursuant to § 1780(d) of the California Consumers Legal Remedies Act.

3.      Defendant Welch Foods, Inc. has done, and is doing, business in California, including in San Diego County, California. Such business includes the marketing, promotion, distribution, and sale of the Product within the State of California. Plaintiff alleges that she purchased the Product within San Diego County, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed March 1, 2024 at San Diego, California.

CROSNER LEGAL, P.C.

By:      /s/ *Michael T. Houchin*
          MICHAEL T. HOUCHIN

9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
mhouchin@crosnerlegal.com

CLASS ACTION COMPLAINT